UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VISION BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-2065-B |
| | § | |
| LEE ROY JORDAN and | § | |
| MARY BANKS JORDAN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motions to Dismiss ("Motions") (docs. 13, 14), filed October 26, 2011 and October 28, 2011. In the Motions, Defendants Lee Roy Jordan and Mary Banks Jordan contend that Plaintiff Vision Bank has failed to set forth specific allegations in its Amended Complaint (doc. 9) that satisfy the requirements under Rule 9(b), or alternatively, Rule 8(a). In response, Plaintiff claims that Rule 9(b) does not apply to its claim for fraudulent transfer, but even if it did, it would satisfy the heightened pleading requirements. For the reasons set for below, the Court agrees with Plaintiff and therefore Defendants' Motions are **DENIED**.

## I.

## BACKGROUND

Plaintiff alleges that on December 26, 2008, Defendant Lee Roy Jordan executed a promissory note in the amount of $175,000, payable to Vision Bank. Pl.'s Am. Compl. ¶ 5. Jordan then defaulted on payment of the note on September 25, 2009, at which time the unpaid principal equaled $152,784, and accrued interest totaled $94,026. *Id.* Additionally, Jordan guaranteed

payment of at least five promissory notes of J&N Properties, LLC, a corporate entity that he owned, which defaulted in September 2009. *Id.* ¶ 6. These promissory notes are loans from Plaintiff that are secured by Alabama real estate, and total approximately $6,493,350.00. *Id.*

Plaintiff claims that in December 2009, Jordan transferred several parcels of property (the "Property"), located in Dallas and Hillsboro, Texas, to his wife, Defendant Mary Banks Jordan, for no consideration. *Id.* ¶ 9. The total value of this property is valued in excess of $2,670,000. *Id.* Plaintiff alleges that the transfer of this property was fraudulent and perpetrated in order to hinder collection of his debt to Vision Bank. *Id.* ¶ 12. Consequently, Plaintiff seeks a declaratory judgment to invalidate the transfer because Jordan transferred the property to his wife, who qualifies as an "insider" under the Texas Uniform Fraudulent Transfer Act. *Id.* ¶ 13.

Defendants filed two separate Motions to Dismiss, each arguing that Plaintiff's Amended Complaint failed to satisfy the federal pleading standards because it fails to provide any factual allegations that supports its claims. Plaintiff responds by noting that the Amended Complaint alleges that Lee Roy Jordan transferred the property to an insider with knowledge of an impending lawsuit by a debtor. The Court will therefore review the contents of the Amended Complaint in light of the Uniform Fraudulent Transfer Act.

## II.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff may support his claim for relief with any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Rule 12(b)(6) authorizes dismissal

of a complaint that fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

In analyzing a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them

in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205

(5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467

(5th Cir. 2004)).  Such a motion should only be granted when the complaint does not include

"enough facts to state a clam to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability

requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that offers "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion

to dismiss. *Iqbal*, 129 S. Ct. at 1949. Thus, "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.*

Rule 9(b) elevates the federal rules' liberal pleading standards to require plaintiffs to plead

the circumstances of constituting claims for fraud claims with particularity. The Fifth Circuit requires

plaintiffs alleging fraud to specifically allege the "time, place, and contents of the false

representations, as well as the identity of the person making the representation and what the person

obtained thereby." *Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)(citations

omitted); *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1994), *cert. denied*, 522 U.S. 966

(1997). Motions to dismiss under Rule 9(b) receive the same treatment as motions for dismissal

pursuant to Rule 12(b)(6). *See Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993) ("A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim.").

The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadilac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Nevertheless, it is well established that dismissal under Fed. R. Civ. P. 12(b)(6) is warranted where an affirmative defense, such as the statute of limitations, is apparent on the face of the plaintiff's complaint. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

### III.

### ANALYSIS

In their Motions to Dismiss, Defendants claim that Plaintiff's Amended Complaint fails because it merely recites the elements of a claim for fraudulent transfer without providing factual support. *See* Mary Banks Jordan's Mot. to Dismiss 7. Though they argue that the heightened pleading standards of Rule 9(b) apply, they argue that Vision Bank nevertheless fails to satisfy *Twombly* and *Iqbal* because the Amended Complaint lacks necessary detail that would make relief plausible under the Uniform Fraudulent Transfer Act.

Under the Uniform Fraudulent Transfer Act, a transfer of assets is fraudulent if the debtor who incurs the transfer does so "with actual intent to hinder, delay or defraud any [of his] creditor[s]." TEX. BUS. & COM. CODE ANN. § 24.005(a)(1) (West 2009). To determine the actual intent for the debtor, the statute lists a number of non-exhaustive factors to consider, which include

the following: whether the transfer was made to an insider[1]; whether the debtor retained possession or control of the property; whether the debtor had been threatened with a lawsuit; and whether the transfer occurred after a substantial debt had been concealed. *Id.* § 24.005(b)(1)-(2), (4), (10). Although the Fifth Circuit has not definitively held that fraudulent transfer claims fall within the purview of Rule 9(b), this Court has noted that where plaintiffs seek to establish the actual intent of the debtor, the enhanced pleading requirements of Rule 9(b) should apply.[2] *See E. Poultry Distrib., Inc. v. Yarto Puez*, No. Civ. A. 3:00-CV-1578-M, 2001 WL 34664163, at * 2 (N.D. Tex. Dec. 3, 2001) (Lynn, J.). Consequently, Plaintiff must set forth sufficient factual detail that includes the "who, what, when, where, and how" as required by Rule 9(b). *See Williams*, 112 F.3d at 178.

Plaintiff's Amended Complaint details the nature of the transfer, the parcels of land involved, the value of the land, and the reasons indicating why such a transfer may be fraudulent under the statute. It is unclear which facts the Defendants believe are missing from Plaintiff's Amended Complaint. Though they note, for example, that Plaintiff has failed to allege the value of the assets exchanged between the Jordans, this statement is belied by the language of the Amended Complaint, which states clearly that "Mary Banks Jordan paid no consideration" for the property. *Id.* § 13. While the Defendants are correct that some courts have found that simply stating that a transaction was fraudulent because property was exchanged for lesser value fails to satisfy Rule 9(b), those courts also noted that the plaintiffs had failed to allege any other indicators of fraud. *See In re Image Masters,*

---

[1] As defined by the statute, an insider includes "relative[s] of the debtor." TEX. BUS. & COM. CODE ANN. § 24.002(7)(A)(i) (West 2009).

[2] The Court need not determine whether Rule 9(b) properly applies in this case, or whether the lower standard enunciated in *Twombly* and *Iqbal* is appropriate because Plaintiff's Amended Complaint satisfies both. Therefore, for purposes of this Motion, the Court will apply the higher standard.

*Inc.*,

421 B.R. 164, 184 (Bankr. E.D. Pa. 2009) ("Only two paragraphs in the Complaint set forth allegations that could possibly constitute the pleading of a 'badge of fraud.' Both are conclusory statements . . . [and] are insufficient to satisfy Rule 9(b)."); *In re Moll Indus., Inc.*, 454 B.R. 574 (Bankr. D. Del. 2011) (finding that the Plaintiff failed to describe the fraud "beyond asserting that [defendant] did not receive reasonably equivalent value").

Furthermore, Defendants' arguments about which other facts are necessary are unsupported by the language of the statute or by case law. For example, there is no indication why Plaintiff would have to allege whether or not the Property is encumbered by liens, particularly if such a fact would potentially give rise to an affirmative defense under the statute. *See* Lee Roy Jordan's Mot. to Dismiss ¶ 15. Given the factual allegations put forward, then, the Court finds that Plaintiff has stated a plausible claim for relief, even under the heightened pleading standard required by Rule 9(b).

Finally, Defendants argue that the Court should exercise its discretion under the Declaratory Judgment Act and dismiss this case. However, Plaintiff makes no reference to the Declaratory Judgment Act and instead seeks a remedy under the Uniform Fraudulent Act. *See* TEX. BUS. & COM. CODE ANN. § 24.008. Accordingly, the Court lacks discretion to dismiss this case, or any potential remedies that are provided for under Texas state law.

## IV.

## CONCLUSION

Construing the Complaint liberally at the 12(b)(6) stage, the Court finds that Plaintiff has pleaded facts sufficient to survive Defendant's Motion to Dismiss. Accordingly, and for the reasons set forth above, the Court hereby **DENIES** Defendants' Motions to Dismiss.

SO ORDERED.

SIGNED March 5, 2012

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE