UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-2065-B |
| | § | |
| LEE ROY JORDAN and | § | |
| MARY BANKS JORDAN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Lee Roy Jordan's Motion for Jury Trial ("LRJ Motion") (doc. 25), filed April 11, 2012. Defendant Mary Banks Jordan joins in this Motion ("MBJ Motion") (doc. 27).[1] For the reasons set forth below, Defendants' Motion is **GRANTED**.

### I.

### BACKGROUND

Plaintiff SE Property Holdings LLC ("SE Property") asserts a cause of action against Defendants Lee Roy Jordan and Mary Banks Jordan for the fraudulent transfer of property as defined in the Texas Uniform Fraudulent Transfer Act ("TUFTA"). In their responsive pleadings, Defendants have denied SE Property's allegations, and advanced several affirmative defenses as well as separate Motions to Dismiss.

---

[1] For the purposes of this Order, Lee Roy Jordan's Motion for Jury Trial and Mary Banks Jordan's joinder will be referred to as a single motion.

- 1 -

Although the deadline for timely demanding a jury trial under Rule 38(b) expired on April 3, 2012, Defendants filed the present Motion for Jury Trial under Federal Rule of Civil Procedure 39(b) on April 11, 2012. LRJ Mot. 1. Defendants maintain that a jury trial is still appropriate, despite their tardy request, because the action is in its initial stages and they missed the deadline by only a few days due to the inadvertence of counsel. *Id.* at 3. Moreover, Defendants submit that SE Property will not suffer prejudice because a jury trial will provide more time for trial preparation. *Id.* SE Property counters that the Defendants explicitly waived a jury trial and that the inadvertence of Defendants' counsel should not be excused. Pl.'s Br. 3. SE Property also asserts that the issues of this action are not well suited for a jury to determine because the jury would have to digest legal issues that are intertwined with facts about property valuations. *Id.* The Motion now being ripe, the Court turns to the merits of the parties' arguments.

## II.

## LEGAL STANDARDS

Rule 39(b) provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). In determining whether to exercise this discretion, the court should consider five factors:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 (5th Cir. 1990) (citing *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir. 1983)).

In Rule 39(b) motions, "the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Id.* (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1991)). However, where a movant presents "no viable reasons for [a] delay" in requesting a jury trial, the court may "assume the delay resulted from mere inadvertence," and it does not constitute abuse of discretion for the court to deny the movant's request for a jury trial. *Farias v. Bexar County Bd. Of Trustees*, 925 F.2d 866, 873 (5th Cir. 1991).

## III.

## ANALYSIS

Defendants argue that their Rule 39(b) Motion should be granted because SE Property will not be prejudiced by such a decision and the filing was only an initial pleading that was late due to the inadvertence of counsel. LRJ Mot. 3. In response, SE Property argues that the inadvertence of Defendants' counsel should not be excused and that the case is not suited for a jury determination. Pl.'s Br. 3. As noted above, the Court considers five factors in determining whether to exercise its discretion under Rule 39(b). Each of those factors is discussed, in turn, below.

A. *Issues Which Are Best Tried to a Jury*

In the instant case, the facts surrounding the alleged fraudulent transfer of property are intertwined with legal issues. Consequently, this factor weighs neutral or is slightly in favor of a bench trial.

B. *Disruption of the Court's or an Adverse Party's Schedule*

The demand for a jury trial will not disrupt the Court's scheduling and Plaintiff has not indicated that it would adversely affect its scheduling. The trial is not scheduled until March 4, 2013,

and the court may hear a jury trial on that date. Therefore, granting Defendants' Motion "will not affect the court's administration of its business." *Target Strike, Inc. v. Marston & Marston, Inc.*, No. SA-10-CV-0188-OLG-NN, 2010 WL 4813802, at *3 (W.D. Tex. Nov. 17, 2010).

C.   *Degree of Prejudice to the Adverse Party*

SE Property has not argued that it would be prejudiced by a jury trial. Furthermore, the Court is unaware of any prejudice that would occur by granting the Motion.

D.   *Length of the Delay in Requesting a Jury Trial*

Defendant Lee Roy Jordan filed this Rule 39(b) Motion for Jury Trial on April 11, 2012 (doc. 25). Mary Banks Jordan joined the next day (doc. 27). As noted above, the deadline for demanding a jury trial under Rule 38(b) expired on April 3, 2012. Defendants delayed less than two weeks in requesting a jury trial.

E.   *Reason for the Movants' Tardiness*

Defendant Lee Roy Jordan claims he did not request a jury trial via Rule 38 because of the inadvertence of his counsel. LRJ Mot. 1. Nevertheless, the Court should "grant a jury trial in the absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp.*, 916 F.2d at 1064 (quoting *Swofford*, 336 F.2d 406, 409); *Core Funding Group, LP v. McIntire*, No. 07-CV-4273, 2011 WL 1838879, at *3 (E.D. La. May 12, 2011) (denying Plaintiff's Rule 39(b) Motion where the trial was scheduled to start in less than two weeks, the case had been pending for over three years, and Plaintiff was not entitled to a jury trial on certain issues). SE Property does not sufficiently set forth "strong and compelling reasons" to deny Defendants' request. *Id*. Furthermore, in light of the first four factors, the Court can conceive of no strong and compelling reasons to deny the Motion.

## IV.

## CONCLUSION

For the aforementioned reasons, Defendant Lee Roy Jordan's Motion for Jury Trial, to which Mary Banks Jordan also joins, is **GRANTED**.

**SO ORDERED.**

**SIGNED** June 27, 2012

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE